# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6364 | **DATE** | 3/5/2004 |
| **CASE TITLE** | EEOC vs. Fifth Third Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies both of Fifth Third's motions for partial dismissal (9-1, 11-1). Fifth Third is directed to answer the remaining allegations of the complaint within seven days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | MAR 8 – 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 30 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| OR | courtroom deputy's initials | | | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
)
CARRIE COLLANDER )
n/k/a CARRIE SPILLANE, )
)
Intervenor, )
)
v. ) Case No. 03 C 6364
)
FIFTH THIRD BANK, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Equal Employment Opportunity Commission has sued Fifth Third Bank seeking relief for Carrie Spillane (formerly named Carrie Collander) and a class of Fifth Third employees who it claims were subjected to sexual harassment and gender discrimination at the offices of its Fox River Business Development Group. The EEOC's claims include allegations that the employees, or as least some of them (including Spillane) were constructively discharged. Spillane has intervened to assert claims on her own behalf, including a claim of constructive discharge due to sexual harassment. Fifth Third has moved to dismiss the constructive discharge claims on the grounds they are outside the scope of the administrative charge filed by Spillane, the only employee who filed a charge with the EEOC. For the reasons stated below, the Court denies Fifth Third's motions.

1

30

**Facts**

Spillane began working at Fifth Third Bank in August 1996. She alleges that she was sexually harassed by her supervisor and other male colleagues starting in January 2001. On February 7, 2002 she accepted a position at another bank while remaining at Fifth Third. On February 11, 2002, Spillane filed a charge with the EEOC. In this charge she checked off sex and retaliation as the bases for the discrimination against her. She noted in the attached addendum that her superior had repeatedly made "gender-based and sexually offensive and derogatory remarks, comments and innuendoes" and that she had been subject to "adverse reprisals" for objecting, specifically, placement on 90 day probationary status. In or around March 2002, Spillane now alleges, she was constructively discharged due to the sexual harassment and retaliation; that allegation, however, was not included in her EEOC charge. Spillane began working at Bank Financial, her current employer, in April 2002.

The EEOC commenced an investigation of Fifth Third Bank, and on March 31, 2003, it issued a Determination Letter to Fifth Third. In this letter the EEOC stated that the evidence it had obtained established reasonable cause to believe that Spillane and a class of females had suffered discrimination, in that they had been subjected to different terms and conditions of employment and harassed based on their gender. The letter also noted that "like and related to the charge and arising in the course of the investigation, I have further determined that the Respondent discriminated against a class of females in that it constructively discharged them based on their sex." The EEOC invited Fifth Third to participate in a conciliation process to eliminate these practices.

Five months later, on August 20, 2003, the EEOC issued a letter to Fifth Third stating that conciliation efforts had failed, and it filed this suit on September 10, 2003. The EEOC

2

alleged that Fifth Third subjected Spillane and a class of women to harassment because of their sex and to different terms and conditions of employment because of their sex, which resulted in the constructive discharge of some of them. In November 2003, Spillane intervened in the case as a plaintiff, including in her complaint a claim of constructive discharge.

## Discussion

Before a private plaintiff can file suit under Title VII, she must exhaust administrative remedies by filing a charge with the EEOC. *See generally Gibson v. West*, 201 F.3d 990, 992-93 (7th Cir. 2000). The claims she makes in the suit must be like or reasonably related to those contained in the administrative charge. *See, e.g., Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

The same limitation does not apply to the EEOC. Before the EEOC may bring a lawsuit under Title VII following the filing of an administrative charge by a private individual, it must first attempt conciliation with the employer. *See* 42 U.S.C. §2000e-5(f)(1). But as several circuits have held, the EEOC can include in its lawsuit claims that were not part of the underlying charge, so long as the claims were discovered during a reasonable investigation of the charge, and the defendant was notified of the claims through a letter of determination and conciliation efforts. Both of these conditions are satisfied in this case.

Once the EEOC receives a charge of discrimination, it is required to investigate the charge. *See* 42 U.S.C. §2000e-5(b). The initial charge serves essentially as the starting point for a reasonable investigation into the surrounding facts. If the EEOC, during that investigation, uncovers discriminatory conduct not identified in the original charge, it may include that conduct in a civil suit against the employer. *E.g., EEOC v. Gen'l Electric Co.* 532 F.2d 359, 364 (4th Cir. 1976). In *EEOC v. Gen'l Electric,* the EEOC investigated two charges of racial

3

discrimination filed by employees of the General Electric Company. Although it found that one of the charges had no merit, during the course of its investigation it discovered that GE had engaged in sex discrimination. *Id.* at 362. The EEOC provided GE with a Letter of Determination that alleged both race and sex discrimination, and the company responded by reserving the right to refuse conciliation on the "unrelated" charge of sex discrimination. *Id.* The Fifth Circuit reversed the district court's summary judgment for the defendant on the sex discrimination claim. *Id.* The court stated that the EEOC is not required to limit its civil suit to those claims that could have been raised by the private charging parties. *Id.* at 363. "If the EEOC uncovers during that investigation facts which support a charge of another discrimination than that in the filed charge, it is neither obliged to cast a blind eye over such discrimination nor to sever those facts and the discrimination so shown from the investigation in progress…" *Id.* at 364.

The Eighth Circuit, in a case similar to the present one, ruled that the EEOC may bring charges of constructive discharge and wage discrimination when it uncovers such practices during an investigation of a charge of discriminatory demotion. In *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 668 (8th Cir. 1992), a female employee filed a charge alleging that she had been demoted from a managerial position to an assistant sales position because she was a woman. When the EEOC investigated her charge, it uncovered evidence that her employer had made her work conditions unbearable and had paid her significantly less than her male colleagues for similar work. *Id.* at 667. In its Letter of Determination the EEOC stated that it was charging the defendant with wage discrimination and constructive discharge as well as unlawful demotion based on sex. *Id.* The Eighth Circuit affirmed the district court's decision that the EEOC was permitted to expand the charge in this manner, stating that "[t]he original

4

charge is sufficient to support EEOC action, including a civil suit, for any discrimination stated in the charge or developed during a reasonable investigation of the charge..." *Id.* at 668. *Accord, EEOC v. Brookhaven Bank & Trust Co.*, 613 F.2d 1022, 1024 (5th Cir. 1980) ("...it is obvious that the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation"); *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453 (5th Cir. 1975) (even when an employee settles with the employer, the EEOC has the right to pursue a lawsuit to correct discrimination discovered through the investigation that was not alleged in the charge.)

Though the Seventh Circuit has not squarely addressed this point, this court believes that it would follow the Fourth, Fifth, and Eighth Circuits if called upon to do so. In *EEOC v. Harvey L. Walner & Associates,* 91 F.3d 963 (7th Cir.1996), the Court noted that the EEOC's investigatory powers are broad. "To further [the] public interest [in preventing employment discrimination], EEOC may allege in a complaint whatever unlawful conduct it has uncovered during the course of its investigation, provided that there is a reasonable nexus between the initial charge and the subsequent allegations in the complaint." *Id.* at 968. *See also, e.g., EEOC v. United Airlines,* 287 F.3d 643, 655 (7th Cir. 2002) (ruling that EEOC subpoena was overbroad, but stating that "[s]hould the EEOC discover, in the course of a significantly narrowed inquiry, evidence of a broader pattern of discrimination, it is, of course, free to file a commissioner's charge incorporating those allegations and broaden its investigation accordingly.")

The EEOC's constructive discharge allegations meet the test set forth in *Gen'l Electric* and the other decisions discussed above. Specifically, there is a reasonable nexus between those allegations and Spillane's charge of sex discrimination and retaliation. With

5

regard to Spillane, the claim of constructive discharge does not involve any additional conduct by Fifth Third; rather it simply concerns an additional consequence of the conduct that she had alleged in her charge. Upon discovering conditions that it believed supported claims of constructive discharge, the EEOC provided Fifth Third, through the conciliation process, with the opportunity to address those claims. Thus Fifth Third was on notice, before this action was filed and during the administrative process, of the broader claims that have now been offered. It cannot credibly claim that it has been prejudiced by a lack of notice of the claim, when it was contained in the EEOC's Letter of Determination and was subject to conciliation efforts. *Brookhaven*, 614 F.2d at 1025; *Gen'l Electric*, 532 F.2d at 366. The purpose of requiring a reasonable cause finding and conciliation efforts is to provide the defendant with notice of the specific practices the EEOC has found to be unlawful, *EEOC v. American Nat'l Bank*, 652 F.2d 1176, 1186 (4th Cir. 1981); that purpose has been satisfied in this case.

For these reasons, the Court denies Fifth Third's motion to dismiss the EEOC's constructive discharge allegations.[1] And because the EEOC can obtain on Spillane's behalf all the relief she seeks with regard to her own separate claim of constructive discharge, it appears to the Court that Fifth Third's motion to dismiss those claims from Spillane's complaint has effectively been rendered moot by our ruling on the EEOC's claim.

## Conclusion

For the reasons stated above, the Court denies both of Fifth Third's motions for partial dismissal [docket # 9-1, 11-1]. Fifth Third is directed to answer the remaining allegations of the

---

[1] The Court of course expresses no view regarding the merits of those allegations.

complaint within seven days of this order.

                                                                  MATTHEW F. KENNELLY
                                                                   United States District Judge

Date:   March 5, 2004